IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO ARROYO, | 1:10-cv-00175-SMS (HC) |
|     Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |
| vs. | |
| FERNANDO GONZALEZ, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from San Diego County, which is in the Southern District of California.  Therefore, the petition should have been filed in the United States

1 District Court for the Southern District of California. In the interest of justice, a federal court may
2 transfer a case filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v.</u>
3 <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

4     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5 District Court for the Southern District of California.

7 IT IS SO ORDERED.

8 **Dated:   February 4, 2010**          /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE